IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDY A. HART,

    Plaintiff,
v.                                            CASE NO. 4:18-cv-51-RH-GRJ

JULIE JONES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randy A. Hart, DOC #075432, an inmate presently confined at Franklin Correctional Institution, initiated this case by filing a handwritten *pro se* Complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 2. Plaintiff failed to use this Court's form for *pro se* prisoner complaints, and therefore the Court determined that he should be required to file an amended complaint on the Court's form. ECF No. 9. Further, upon preliminary screening of the Complaint the Court determined that Plaintiff is subject to the three-strikes bar of 28 U.S.C. § 1915(g). *Id.* The Court ordered Plaintiff to show cause as to why the Complaint should not be dismissed pursuant to the three-strikes bar. This case is now before the Court on ECF No. 10, Plaintiff's amended

complaint and response to the show cause order.  For the following reasons, the undersigned recommends that this case be dismissed.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

A review of the Court's PACER case locator confirms that Plaintiff is subject to the three-strikes bar.  *See*, *e.g.*, *Hart v. Secretary*, Case No. 5:17-cv-608-Oc-10PRL ECF No. 2 (M.D. Fla. 1/18/18) (dismissing case pursuant to three-strikes bar and noting Plaintiff's extensive filing history). Because Plaintiff is subject to the three-strikes bar, he is barred from proceeding as a pauper in a civil action unless he is under "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The relevant inquiry is "whether [the] complaint, as a whole, alleges imminent danger of serious physical injury."  *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir.

2004). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *See Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003). The Plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury," *id.,* and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado,* 157 F.3d 1226, 1231 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is insufficient to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to filing of his complaint); *see also Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (imminent danger exception is construed narrowly and available only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.").

Plaintiff's allegations concern the conditions of confinement at Franklin CI. Plaintiff alleges that the Secretary of the DOC, Julie Jones,

and the Franklin CI Warden, Scott Duval, acted in "bad faith" by allowing Plaintiff to be housed in a high custody dormitory where he was threatened by gang violence and where there were four "eruptions" of gang violence in December 2017. Plaintiff alleges that his housing assignment was made in retaliation for filing lawsuits against prison officials. Plaintiff contends that prison officials have violated his First Amendment rights by harassing and retaliating against him. Plaintiff alleges that his housing assignment places him in imminent danger of serious physical injury, thereby overcoming the three-strikes bar. ECF No. 10 at 5-7.

Liberally construed, the Complaint as a whole does not allege facts that suggest that Plaintiff is in imminent danger of serious physical injury for purposes of evading the three-strikes bar. Rather, Plaintiff's factual allegations establish only that incidents of gang violence occurred at Franklin CI prior to the filing of the Complaint. Plaintiff's allegations do not establish that he was personally placed in physical danger during the past incidents, or that he personally faced imminent danger due to his housing assignment at the time the complaint was filed. Plaintiff's allegation that his housing assignment places him in imminent danger of serious physical injury is therefore conclusional and insufficient to overcome the three-

strikes bar.  *See*, *e.g.*, *Hall v. Tucker*, Case No. 4:12-cv-315-RH-CAS (N.D. Fla. July 29, 2012) (conclusory assertion of imminent danger, unsupported by facts, insufficient to overcome § 1915(g) bar).

Accordingly, the Court concludes that Plaintiff is barred by the three-strikes provision of 28 U.S.C. § 1915(g) from bringing this case as a pauper.  A prisoner who is no longer entitled to proceed in forma pauperis must pay the filing fee at the time he initiates the suit, and failure to do so warrants dismissal without prejudice.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

It is therefore respectfully **RECOMMENDED** that leave to proceed as a pauper should be denied and this case **DISMISSED** pursuant to the 28 U.S.C § 1915(g) three-strikes bar.

**IN CHAMBERS** this 9th day of February 2018.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**